Glenford Lloyd MEYERS, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 98 Civ. 969 (BDP).

No. 95 Crim. 1141 (BDP).

United States District Court,
S.D. New York.

April 6, 1998.

Glenford Lloyd Meyers, Fort Dix, NJ, pro se.

Kerry A. Lawrence, Asst.U.S.Atty., United States Attorney's Office, White Plains, NY, for defendant.

### DECISION AND ORDER

BAER, District Judge.

By Petition docketed January 26, 1998, Petitioner moves to set aside his sentence of October 17, 1996 on the grounds that (1) under Title 8 U.S.C. § 1326(b)(2) illegal reentry following deportation for an aggravated felony was not a sentencing enhancement provision and required a separate charge and (2) that he was denied effective assistance of counsel as a consequence of counsel's failure timely to file a Notice of Appeal. The Peti-

tion is both procedurally barred and meritless.

Effective April 24, 1996, motions filed pursuant to 28 U.S.C. § 2255 are subject to a one year statute of limitations. The present motion was not filed until January 26, 1998 and is, therefore, untimely.

Moreover, the Petition lacks merit. Petitioner contends that the aggravated felony provision under Title 8, U.S.C. § 1326 was required to be specifically pled. On March 24, 1998 the Supreme Court decided *Almendarez–Torres v. United States,* —— U.S. ——, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) and held that the aggravated felony provision of § 1326 was a sentencing enhancement provision that need not be specifically pled. Had the Petition been timely, the Court's decision in *Almendarez–Torres* would have precluded the relief sought herein.

Petitioner's contentions regarding his late appeal were previously considered by both this Court and the United States Court of Appeals and were rejected. This issue presents no constitutional question under 28 U.S.C. § 2255.

The Petition is denied in all respects. The Clerk shall enter a final judgment.

**SO ORDERED.**